THE STATE, EX REL. JOSEPH LESCHINSKY AND STANIS-
LAW KARPINSKY, RELATORS, v. FRANK I. ACKERMAN,
SUPERVISOR OF BUILDINGS OF THE CITY OF PAS-
SAIC, AND THE CITY OF PASSAIC, A MUNICIPAL COR-
PORATION, DEFENDANTS.

Submitted February 16, 1928—Decided May 24, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relators, *Ira C. Moore, Jr., Joseph H. Baker, Vincent J. Palerno* and *Whiting & Moore.*

For the defendants, *Joseph J. Weinberger.*

PER CURIAM.

The relators hold a rule to show cause, dated September 20th, 1927, why a writ of *mandamus* should not issue to the supervisor of buildings of the city of Passaic, and the city of Passaic commanding them to issue a permit to erect an apartment house building on land in the city of Passaic owned by the relators and known as No. 307 Gregory avenue.

It appears that the supervisor of buildings, on April 7th, 1927, refused to grant the permit on the ground (which was true in point of fact) that the site is in residence "B" district and is zoned against apartment houses of the type proposed.

It appears that the relators thereafter, on April 8th, 1927, filed notice of appeal with the board of adjustment. The board did not act until August 25th, 1927, and then "voted to approve that a permit be granted." It further appears that on September 15th, 1927, the board of adjustment reopened

their hearing on the application and reserved decision for two weeks, and the matter is still pending.

The defendants say that the board of adjustment had exhausted its jurisdiction when it failed to render a decision within sixty days after notice of appeal.

This point is well taken. The act of 1927 (chapter 203 of laws of 1927), which was, in effect, when this appeal was taken, provides that if the board shall fail to decide the matter within sixty days after the date of notice of appeal, "it shall be considered that the board of adjustment decide that the zoning ordinance, which any appellant desires by his appeal to have modified or varied, tends to promote the public morals, health, safety or welfare." *Thorpe* v. *Corwin,* 20 *N. J. L.* 316. It seems clear, therefore, that relators acquired no right to the permit by reason of their appeal to the board of adjustment.

But relators say that in any event they are entitled to *mandamus,* apparently upon the notion that the zoning ordinance was not within the police powers of the state.

Upon this phase of the case we think the present case falls within our decision in *Koplin* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489.

So, upon the whole case, we are constrained to think that the rule to show cause must be discharged and the writ of *mandamus* denied accordingly.

Having reached that conclusion, we deem it important to all parties in interest to announce it promptly, and we do so in this somewhat informal manner in order to enable the relators to avail themselves of the earliest opportunity for review if a review is desired. And if a review is desired, the relators are hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.